IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GMAC MORTGAGE, LLC FKA GMAC
MORTGAGE CORPORATION,

        Plaintiff,                  No. CIV S-09-0115 GEB GGH PS

   vs.

RONALD RUIZ,                      FINDINGS &

        Defendant.              RECOMMENDATIONS

_____/

        Defendant Ronald Ruiz, proceeding pro se, filed on January 14, 2009, a Notice of Removal of an unlawful detainer action filed against him in state court, as well as a request to proceed in forma pauperis. The request to proceed in forma pauperis will not be addressed as the court recommends that the case be remanded to state court.[1]

BACKGROUND

        Defendant was sued in state court in an unlawful detainer action for his refusal to quit and deliver possession of residential real property purchased by plaintiff at a trustee's sale. In response, defendant petitioner has filed the instant petition for removal, alleging new claims,

---

[1] The case has been referred to this court by Local Rule 72-302(21), pursuant to 28 U.S.C. § 636(b)(1).

1

including fraud because First Federal[2] sold the note and does not have standing to evict, under 15 U.S.C. § 1611 et seq., 26 U.S.C. § 2605 et seq., 15 U.S.C. § 1602 et seq., and 15 U.S.C. § 1692; civil rights violations in the foreclosure proceedings including substantive and procedural due process under 42 U.S.C. § 1983; and unconstitutional application of Cal. Civ. Code § 2924. Defendant states that he has a complaint against "this plaintiff"[3] in state court for fraud. Defendant asserts federal question jurisdiction, and seeks removal based on the aforementioned grounds.

DISCUSSION

I. Removal

Defendant brings his petition for removal on the grounds that the complaint does not address his claims of fraud by plaintiff in bringing the unlawful detainer action, civil rights violations in the foreclosure proceedings, and unconstitutional application of Cal. Civ. Code § 2924. Plaintiff has not filed a response to the petition for removal.

A district court has an independent duty to examine its own jurisdiction and remand a removed action "since removal is permissible only where original jurisdiction exists at the time of removal or at the time of the entry of final judgment ...." Sparta Surgical Corp. v. National Ass'n. of Securities Dealers, Inc., 159 F.3d 1209, 1211 (9th Cir. 1998), quoting Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26, 43, 118 S. Ct. 956, 966 (1998); FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 229, 110 S. Ct. 596, 606-07 (1990); Harris v. Provident Life and Acc. Ins. Co., 26 F.3d 930, 932 (9th Cir. 1994).

Removal jurisdiction statutes are strictly construed against removal. See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979). "Federal jurisdiction must be

---

[2] First Federal is not a party to this action.

[3] It is unclear whether defendant is referring to First Federal, which is not a plaintiff in the instant action, or GMAC, the plaintiff here, as the remainder of this paragraph refers to First Federal only. Pet. for Removal, ¶ 5.

rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992). "The burden of establishing federal jurisdiction falls on the party invoking removal." Harris v. Provident Life and Accident Ins. Co., 26 F.3d 930 (9th Cir.1994) (quoting Gould v. Mut. Life Ins. Co. of New York, 790 F.2d 769, 771 (9th Cir.1986)).

Defendant invokes the court's jurisdiction under 28 U.S.C. §§ 1331 and 1343, among other statutes. A plaintiff may bring suit in federal court if his claim "arises under" federal law. 28 U.S.C. § 1331. In that situation, the court has original jurisdiction. A defendant cannot invoke the federal court's original jurisdiction. But he may in some instances invoke the court's removal jurisdiction. The requirements to invoke removal jurisdiction are often identical to those for invoking its original jurisdiction. The requirements for both relate to the same end, that is, federal jurisdiction.

Removal of a state court action is proper only if it originally could have been filed in federal court. 28 U.S.C. § 1441. "[F]ederal courts have jurisdiction to hear, originally or by removal, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action, or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 2855-56 (1983). Mere reference to federal law is insufficient to permit removal. See Smith v. Industrial Valley Title Ins. Co., 957 F.2d 90, 93 (3d Cir. 1992). A defense to an action, based on constitutional rules of general applicability, is not a sufficient basis to remove an action to federal court. See id.; Berg v. Leason, 32 F.3d 422, 426 (9th Cir. 1994) ("[N]either an affirmative defense based on federal law . . . nor one based on federal preemption . . . renders an action brought in state court removable."). Defendant has not shown that he is unable to raise his federal constitutional rights in state court.

This court has no jurisdiction over unlawful detainer actions which are strictly within the province of state court. Defendant's apparent attempt at creating federal subject matter jurisdiction by simply adding claims and defenses to a petition for removal will not

succeed. See Catee v. Capital One, F.S.B. 479 F.3d 1143, 1145 (9th Cir. 2007) (even previously asserted counterclaims raising federal issue will not permit removal).

Accordingly, the court finds that remand is appropriate because the case is not one which arises under federal law. Pursuant to 28 U.S.C. § 1447(c), where it appears the court lacks subject matter jurisdiction, the court shall make an order for remand. The petition for removal and the state court record filed in this case demonstrate that the underlying proceedings are not removable to this court.

CONCLUSION

IT IS HEREBY RECOMMENDED that:

1. The state action be summarily remanded to the Sacramento County Superior Court;

2. The Clerk serve a certified copy of this order to the clerk of the Sacramento County Superior Court, and reference the state case number (08UD12869) in the proof of service; and

3. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 17, 2009

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

GGH/076 - GMAC0115.rem.wpd